is People v. Christopher P. Miller, No. 516-0096. Mr. Miller, you may proceed. My name is Jordan Cohen. I represent Christopher Miller. Mr. Miller was convicted of home invasion and sentenced to 15 years, which was nine years past the minimum. And the issue here is improper factors that were raised at sentencing hearing. And so my argument is that, in giving the sentence, the trial court relied on improper factors, which impinged upon Mr. Miller's fundamental right to liberty and challenged the integrity of the judicial process, and thus constituted its second prong, plain error. Now, of course, a lot of deference is given to the sentencing court, and further, the rules of evidence are much more relaxed at a sentencing hearing than they are at a trial. Having said that, it's still not a free-for-all. There are still rules at a sentencing hearing, and the trial court must shield itself from the prejudicial effect of improper materials and cannot issue a sentence based on speculation or conjecture. So here there were five incidents that the state alleged that Mr. Miller committed or was involved in, and Mr. Miller was never actually charged in any of these incidents. And the testimony regarding these incidents were riddled with speculation, double hearsay, and with having the wrong witness testify who was not the first-hand source, and so cannot be confronted appropriately. So I'm going to briefly touch on these incidents and explain why these were an error, and then I'm going to move on to the trial court's reliance on these errors to show that it rose to the level of plain error. So the five incidents, the state alleged that Mr. Miller committed witness intimidation, illegally selling firearms, and three separate thefts. Now, instead of going into too much of the details, I'm going to cite some of the things that the state used to describe in its brief. So on page 15 of the state's brief, just talking about the witness intimidation and the firearms, the state described these two offenses as being tenuous and uncorroborated, the links between Mr. Miller and those two offenses. And the state also wrote, the state does not disagree with the defendant that with regard to witness tampering and the firearms sale, Stephen's testimony was speculative. So regarding those two incidents, those two were errors. I would also point to the three thefts that at the sentencing hearing, the state acknowledged that there was no direct testimony that Mr. Miller committed any of the thefts, but it was one of the alleged peripheral involvement. So those are the errors that we have. And I could explain more in detail, but I think based on what the state already said, I'm just going to say those are errors. And then the question becomes, did the trial court rely on those improper materials, those improper factors? So the question really is, did consideration of these improper factors lead to a greater sentence for Mr. Miller? And that would show that he was prejudiced, and that would constitute plain error. So to decide to analyze this, we really can only look at the trial court's comments in giving the sentence. So some of the things the trial court pointed to was that Mr. Miller's history of delinquency, and specifically, the court mentioned testimony I heard today about possible criminal acts. Now, when the trial court says today, that means at the sentencing hearing. So that's not incidents from a long time ago or from the pre-sentence investigation report. That's the five incidents that the state talked about today. The trial court also mentioned testimony from the state of incidents you were certainly involved in. So again, that's testimony regarding these incidents that were improper and that were errors. Now, any weight given to improper factors, it has to be so insignificant that it did not lead to a greater sentence. Local counsel, are you saying that the court can consider, you don't have to have a conviction for a court to consider certain acts at a sentencing hearing. Is that correct? That's correct. So what's the harm here? So the harm is that, you know, there's a case like people versus Dameron that says giving even very little weight may result in error, even if it's not controlling weight. So it's basically if the court is considering improper factors, then it can be an error. And again, I'm focusing on the second prong of plain error, not the closely balanced prong. So just if there's improper factors and the court's considering it, then it can constitute plain error. And so the one case, there's a case cited by the state that gives a good example of people versus Foster. And in that case, there was uncorroborated double hearsay of prior criminal acts. In that case, the trial court made the comment that said even if the court disregards this testimony, there's still enough background in criminal history that this would still be the sentence essentially. So if this court had made a statement like that that was saying, look, we're just going to look at all the criminal history or all these other factors, and it's still going to be the same sentence, you know, if the court made a comment disregarding these improper factors, then we would have been able to say, okay, the state, the court is not relying on this. But instead, the court specifically mentions testimony I heard today about possible criminal acts. The court also, you know, sort of lectured Mr. Miller by saying that the court said you have other people do your dirty work for you. Now, granted, it's possible that was referring to his original offense because there's a fear of accountability, but it would also apply to almost every single one of these five incidents in which at least like for the witness intimidation, he was alleged to have a third party leak information with these thefts. He was alleged to sell the items but not actually steal it himself. So for the court to say you have other people do your dirty work for you, that suggests that the court is factoring this in. And, of course, we don't know exactly because the court didn't go through each incident and say, I'm considering this. I'm not considering this. I'm considering that. So we don't know. But I think it's clear that the court is considering all of his incidents in history as a cumulative effect and that these improper factors would go into that cumulative effect and certainly with charges such as witness intimidation would certainly increase the effect that his history would have on what his sentence is. Now, I also want to compare it to people versus mentor. In that case, the defendant had pending charges at the time of sentencing and the trial court commented that the defendant continued to commit crimes and those charges did not go well for the defendant. And that was found to be improper because of the repetition of an improper factor coupled with the trial court saying the charges reflected negatively on the defendant. And that was with pending charges. Here, Mr. Miller did not have any charges with any of them. So, and again, the state argues in its brief that the trial court only mentioned these incidents in passing. But really, the trial court mentioned the overall criminal history and specified that it was testimony from the state and testimony that the trial court heard today. So that refers to these incidents in more than just in passing. And ultimately, the trial court, the consideration of these factors violates a fundamental right of Mr. Miller. And so that is why it rises to the level of plain error. So unless there's any further questions, that's all I have for this time. Thank you. Anybody else? May it please the court. Counsel. My name is Jessica Book and I'm representing the people today. At issue, the crux of this issue is whether the trial court abused her discretion when she was sentencing the defendant. And it's our position that she did not abuse her discretion. There's a lot of presumptions that are in the favor of the trial judge's ruling, the sentencing ruling. First of all, if the sentence is within the statutory range, it's presumptively correct. He was charged with home invasion and residential burglary. Home invasion is a Class X felony. So 15 years is pretty much smack dab in the middle of the statutory range. There's a strong presumption that the trial court based her sentencing on proper legal reasoning. That would include the hearsay testimony that she allowed to come in. The trial judge is presumed to have considered any evidence in mitigation, although the trial judge is not required to sentence the defendant to the minimum sentence just because she finds that there are factors in mitigation. Basically, the abuse of discretion standard which we're dealing with is the most deferential to the trial court because we want trial judges to have access to all the information about the defendant so that they can fashion a sentence that will take into account society and also what works best for restoring the offender to youthful citizenship. So the defense counsel makes a big issue about the plain error argument that was not raised at trial court. There was no objection to the hearsay coming in at the sentencing hearing. And also in the initial brief, defense counsel did not raise the plain error argument. So it's interesting he's doing it now. But despite that, what we're looking at are the presumptions in favor of the trial court. She is presumed to have taken in all the evidence that factors in aggravation, mitigation, the PSI, which factors in very heavily the trial evidence, the defendant's actions between trial and sentencing, which in this case was very enlightening. And he actually was allowed to be on a home monitor during that time period instead of being detained, even though it was a Class X felony, to get treatment presumably for his Crohn's disease, which was one of his factors in mitigation. And also his drug addiction. He cut off his ankle monitor, was using K2, admitted to using K2 in that time, had a dilute sample, which is presumed to be a positive, and took off. And they had to find him, and then he was brought back. And he was actually charged and pleaded guilty to escape for that. So that was in the interim between trial and sentencing. So she can properly consider that because she heard the trial testimony. She was present on all the hearings between that time and then the sentencing. He provided a statement of elocution in which he said that he basically committed all of his crimes because he was addicted to drugs. His addiction made him do it. He is sorry for the victim, but he's mad the victim blamed him for that. The trial court took all those, I believe, into consideration when she said that he showed no remorse. He never once said, I took the drugs. It's that I did it to myself. It was more the drugs made me do it. The people I hung out with made me do it, all that. His grandmother gave a statement basically along the same lines as he needs help, and it's not fair that he got a higher charge than the people that actually went in and did these crimes, and then also the hearsay testimony that the state provided, which is allowable in a sentencing hearing. And it's the judge's discretion whether she gets to allow it in. Is it reliable? Is it corroborated? And the two that the state said in their brief that could be tenuous, the stolen gun from his grandfather and the YouTube posting, of course those are just part and parcel of what the officers testified to. The first investigator testified that there was a theft on the line I drive, and there was a handgun and jewelry taken. The defendant then took the jewelry to a pawn shop, signed the sheet when he gave the jewelry or pawned the jewelry, and that was presented as evidence. Also he admitted to pawning the jewelry, and this was all an admission made to that officer. Then there's a Walmart theft where the defendant's girlfriend, who happens to be the same person that he was accused of intimidating, where the girlfriend went in to the Walmart, took Wii games and some other Wii controllers, and then the defendant took those to GameStop in Mattoon and sold those. And her statements made to officers corroborated the evidence about the theft from the gun, or theft from Walmart, and no one accused the defendant of stealing. It's more his, after the fact, taking these items and pawning them. There was a stolen camera that he admitted to selling online. He didn't admit to stealing it, and no one accused him of stealing it, but the selling it online after the fact. There was also testimony of five controlled drug buys that the defendant purchased from a confidential informant. Those were testified to, and he was actually charged, that formed the basis for the heroin charge that he did have on his PSI in this criminal history. And then the two other issues with the witness intimidation and the stolen gun. So all of those taken into consideration, the parts that are corroborated, when the trial judge said, you have criminal history and you're a one-man crime machine, she did not say specifically, I relied on the testimony of you taking your grandfather's gun. I did not rely on the witness intimidation. She said all of the evidence presented, which would encompass the thefts that were corroborated and correctly relied upon. And most importantly, the trial court is presumed to have recognized and disregarded any incompetent evidence. There is no indication on the record that she did rely on any incompetent evidence. She relied on proper factors, the PSI. And the PSI is wrought with criminal history with the prior felony conviction, misdemeanor convictions involving drugs, history of substance abuse, the testing for positive for THC and using K2 in the interim between the trial and the sentencing, and just his constant blaming the victim and everyone else for what he did and not taking it into account or not saying it was my fault and I need to change. And the judge stated that a lot of his inability to show remorse was what factored into it. And she sentenced him to 15 years, which is right in the middle. So the state believes that there was no abuse of discretion and that the ruling with a 15-year sentence and then a 10-year concurrent sentence for the residential burglary is appropriate and should be affirmed. Thank you. Thank you, counsel. Roberto? May it please the court. The state referenced the escape chart, the escape that Mr. Miller did while he was on bail, and I just want to point out that he was charged and sentenced with that separately. So that is separate from this. I also want to point out all these other factors go towards the first product of plain error with closely balanced, whereas I'm arguing the second product of plain error of just the consideration of these improper factors. Also, the plain error was not waived. You know, there's cases that say, like Pugh v. Ramsey that says it can be raised for the first time in a reply brief, which is what it was in this case, and the issue has not been waived. So there's cases that say that. I also want to just point out some of the factors. So if there's improper factors, you can't argue there's also other proper factors. You can't just say, well, look at all these proper factors that were considered. It's okay. You can't mix those together. If there's improper factors and there's reliance on those factors, then that's plain error. What about the presumption that the judge knows the law and the judge heard several of these incidents, and you're arguing some of it was improper to consider, some of it was okay, but, you know, the courts presume to know the law and apply the law actively unless the record reflects otherwise. Yes, Your Honor, and my argument would be that the record does reflect otherwise, based on the trial court's comments that the trial court referenced the witness intimidation and the firearms specifically. The trial court ran through each of the incidents that the State alleged and said that Mr. Miller was certainly involved in these. And, you know, People v. Cruz says that if the convicted is prejudiced by the material considered by the trial court, the resulting penalty will not be allowed to stand. And People v. Hyler says that any weight placed on an improperly considered factor has to be so insignificant that it did not lead to a greater sentence. And, you know, even very little weight can result in error. So the question is, like, if we have an error, that's part one, then that error cannot lead to a higher sentence by the trial court's consideration of it. So the question is whether the trial court considered these errors and made a greater sentence because of it. And I think it's clear that if you read the trial court's statement in giving the sentence, that the trial court did focus on this history. The trial court said that Mr. Miller has other people do his dirty work for him. The trial court says it was based on testimony I heard today about possible criminal acts, testimony from the state. The state, at a sentencing hearing, the state testified about these five factors, not all about his previous drug issues. So I would argue that does show that the trial court did amplify the sentence based on all these allegations. I mean, all these thefts and witness intimidation and firearms, that would cause the trial court to give a higher sentence. I would also point out that with these thefts, the only omissions were that he may have sold some of it, but there was never any allegation or proof that he knew they were ever stolen in the first place. Also, there was testimony that the state said that he had a THC positive test, which he had a doctor's note because of his Crohn's disease that he was able to take THC. So there was just all these reasons that bumped up the sentence. And so the issue is the trial court relied on these issues and basically put it all in accumulation and said, there's a lot here, he deserves a higher sentence. My argument is that analysis included improper factors, which made it a bigger amplification and a higher sentence than he should have had. And so I agree that his fundamental rights were impinged, and it was not a fair sentencing hearing because the state got to throw in witness intimidation and illegally selling firearms. Those are very serious allegations. The state got to factor those in into the overall sentence, and that was not a fair sentencing hearing. So I ask that the sentence either be reduced to a minimum or reversed for a new sentencing hearing. Thank you. Thank you, counsel, for your arguments. The court will take this matter under advisement and render a decision in due course.